```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

TERRY S. BYNUM, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF BENJAMIN G. BYNUM, JR.,
DECEASED, AND THE ESTATE OF BENJAMIN
G. BYNUM, JR., DECEASED                                  PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:06cv639 TSL-JCS

CITY OF MAGEE, MISSISSIPPI,
SIMPSON COUNTY, MISSISSIPPI,
LANE STEEL, BOBBY J. WILLIAMS,
AND JOHN DOES I-X                                        DEFENDANTS

                  MEMORANDUM OPINION AND ORDER

Both of the individual defendants, Bobby Williams and Lane Steele, have moved to dismiss on the basis of qualified immunity. Williams has additionally filed a motion to compel a Rule 7(a) reply by plaintiffs to his qualified immunity defense. Plaintiffs have moved for an extension of time to respond to defendants' motions to dismiss so that discovery may be conducted relating to qualified immunity prior to responding to the motions. Defendant Steele has moved to stay discovery on qualified immunity pending a ruling on his motion to dismiss, and Williams has moved to stay discovery on qualified immunity pending a ruling on his motion to compel a Rule 7(a) reply.

In view of the individual defendants' motions to dismiss, the court will deny Williams' motion for a Rule 7(a) reply. Plaintiffs' complaint was sufficiently illuminating that both defendants were able to ascertain the substance of the claim

against them sufficiently to frame their motions to dismiss.  To the extent that defendants may be unsure as to the precise contours of the claim against them, plaintiffs' response to their motions, when filed, should provide any necessary information, making a Rule 7(a) reply redundant.  See Truvia v. Julien, 187 Fed. Appx. 346, 349-350, 2006 WL 1675116, 2 (5th Cir. 2006) (requiring Rule 7(a) reply in addition to briefing on motion to dismiss would be redundant).

    Turning to plaintiffs' request for discovery relating to defendants' qualified immunity defense, the court is not persuaded that discovery is warranted.  The only allegations made by plaintiffs against Steele and Williams are that they caused plaintiffs' decedent's dead body to be transported from the scene of the fire in the back of a pick-up truck with the carcasses of dead animals.  Plaintiffs posit that Williams directed that the body be placed in the truck with the dead animals and that Steele actually put the body in the pick-up truck.  In their motion, defendants do not dispute plaintiffs' factual allegations; rather, they contend that the acts alleged by plaintiffs do not violate any clearly established constitutional right.  The court will therefore deny plaintiffs' request for an extension of time in order to conduct discovery.  See Behrens v. Pelletier, 516 U.S. 299, 306-307 (1996) (stating that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law,

2

a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery").

Accordingly, it is ordered that plaintiffs' motion for an extension of time and discovery is denied, and defendants' motions to stay all discovery pending a ruling on their motions to dismiss is granted.  Plaintiffs' response to their motions to dismiss will be due ten days from this date, computed in accordance with Federal Rule of Civil Procedure 6, following which defendants will have five days to file any rebuttal.

SO ORDERED this 21st day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

3