```
                   UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION


TERRY S. BYNUM, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF BENJAMIN G. BYNUM, JR.,
DECEASED, AND THE ESTATE OF BENJAMIN
G. BYNUM, JR., DECEASED                                PLAINTIFFS


VS.                         CIVIL ACTION NO. 3:06cv639 TSL-JCS


CITY OF MAGEE, MISSISSIPPI,
SIMPSON COUNTY, MISSISSIPPI,
LANE STEEL, BOBBY J. WILLIAMS,
AND JOHN DOES I-X                                      DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the motion of defendant City of Magee for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Terry Bynum and the Estate of Benjamin G. Bynum, Jr. have responded in opposition to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Following the death by suicide of Benjamin Bynum, Jr., Mr. Bynum's son, Terry Bynum, and his estate filed this lawsuit against the City of Magee, and against Lane Steel, a firefighter employed by the City, and Simpson County Coroner Bobby J. Williams, in their individual and official capacities, seeking to recover damages on account of the death of Benjamin Bynum. Plaintiffs demanded damages from the City for Benjamin Bynum's death pursuant to 42 U.S.C. § 1983 and under state law, based on

allegations that the City, through its agents, violated the elder Bynum's constitutional rights under the Fifth, Eighth and Fourteenth Amendments and breached various duties under state law by failing to prevent his suicide. Plaintiff Terry Bynum further demanded damages for emotional distress and punitive damages from Steel and Williams on account of their alleged mistreatment of Benjamin Bynum's body following his death.

By memorandum opinion and order of August 20, 2007, this court granted the individual defendants' motions to dismiss on the ground of qualified immunity, and further granted the City's motion to dismiss with respect to all plaintiff's claims other than his "class of one" equal protection claim and any failure to train claim based thereon. The City has now moved for summary judgment on this remaining claim.

On December 16, 2005, City of Magee police and an ambulance were dispatched to Benjamin Bynum's home in response to a report from Terry Bynum that his father had barricaded himself in a room and was threatening to kill himself. Terry Bynum also told the dispatcher that Benjamin Bynum, Jr. had stated that he would kill himself and the officers if they came to his residence. Although Bynum's family members requested that the police officers enter the home and restrain Bynum, the officers refused to enter the home and left shortly after they arrived. Three days later, on December 19, 2005, Benjamin Bynum, Jr. committed suicide in his home by setting fire to his residence.

2

Plaintiff's only remaining claim is that the City violated Benjamin Bynum, Jr.'s equal protection rights by not intervening at the family's request to prevent Mr. Bynum's suicide. Plaintiff asserts Mr. Bynum was denied equal protection because the City of Magee allegedly "intervened, assisted, and protected similarly situated individuals who were attempting to commit suicide."

In Village of Willowbrook v. Oleck, the Supreme Court held that the Equal Protection Clause gives rise to a claim on behalf of a "class of one" who has not alleged membership in a class: "Our cases have recognized successful equal protection claims brought by a 'class of one', where the plaintiff [shows] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). Every "'class-of-one' plaintiff must, at a minimum, show he 'has been intentionally treated differently from others similarly situated'." Williams v. Riley, 275 Fed. Appx. 385, 390, 2008 WL 1859818, 4 (5th Cir. 2008). He must also show that there was no rational basis for the difference in treatment, a heavy burden requiring that he "'negat[e] any reasonably conceivable state of facts that could provide a rational basis' for their differential treatment." Lindquist v. City of Pasadena, Tex., 525 F.3d 383, 387 (5th Cir. 2008) (quoting Whiting v. Univ. of S. Miss., 451 F.3d 339, 349 (5th Cir. 2006) (quoting Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 367, 121 S. Ct.

3

955, 148 L. Ed. 2d 866 (2001)) (internal quotation marks omitted)).  Finally, "claims premised on selective enforcement or prosecution, as well as analogous claims (including unequal police protection), require a showing of improper motive."  Id. (citing Bryan v. City of Madison, 213 F.3d 267, 277 (5th Cir. 2000), and Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), overruled on other grounds by McClendon v. City of Columbia, 305 F.3d 314, 329 (5th Cir. 2002) (en banc)); see Shipp, 234 F.3d 907 (holding equal protection claim may be available based on unequal police protection if illegitimate animus or ill will motivated plaintiff's intentionally different treatment from others similarly situated and no rational basis existed for such treatment), cert. denied, 532 U.S. 1052, 121 S. Ct. 2193, 149 L. Ed. 2d 1024 (2001), overruled on other grounds, McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002).

   In its motion, the City maintains summary judgment is in order based on the absence of evidence to support plaintiff's allegation that Magee police officers have "intervened, assisted, and protected similarly situated individuals who were attempting to commit suicide."  That is, he cannot establish the existence of a similarly situated individual for whom the police department interceded to prevent his or her suicide.  In response to the motion, plaintiff claims to have identified one other incident in which assistance was provided a suicidal individual.  According to plaintiff, prior to the incident with his father, the

4

City of Magee Police Department, when faced with a similar individual threatening to kill himself inside of his home, forcibly entered the individual's home, arrested him on outstanding misdemeanor traffic warrants, and detained him in the City of Magee jail until such time as his family could file lunacy proceedings and obtain mental health assistance for the individual.  The City contends that this incident, to which the parties refer as "the Hillside Apartments incident," is not "similar" to the Bynum incident because in the Hillside Apartments incident, police officers, upon arriving at the scene, discovered that the individual threatening suicide had outstanding warrants for his arrest, and the officers thus took the individual into custody based on the outstanding warrants.  In contrast, there were no outstanding warrants for Benjamin Bynum that would have justified entering the home and taking him into custody.

   Plaintiff argues that his equal protection claim is viable, notwithstanding this distinction, because in his view, even in the absence of a warrant, police officers had probable cause to arrest Benjamin Bynum based on his threats to kill police if they entered the home.  The City denies that Mr. Bynum's alleged threats (reported by his son) would have given them probable cause to enter the home and arrest Mr. Bynum, and insist that in the absence of a warrant, they would not have been justified in doing so.  In the court's opinion, even if there was arguable probable cause to arrest Mr. Bynum, the incident with Mr. Bynum is still

5

materially and significantly distinguishable from the Hillside Apartments incident, in which warrants were already in existence. Plaintiff cannot show that the difference in his father's treatment and that of the individual in the Hillside Apartments incident was irrational.

In sum, therefore, the court concludes that the fact that outstanding warrants existed for the arrest of the individual involved in the Hillside Apartments incident whereas there were no outstanding warrants for Mr. Bynum precludes any finding that these two individuals were similarly situated, which in turn, forecloses plaintiff's cause of action herein.[1]

Accordingly, it is ordered that the city's motion for summary judgment is granted.[2]

SO ORDERED this 31st day of October, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] The City also argues in support of its motion that plaintiff has no evidence that illegitimate animus or ill will motivated the officers' actions with respect to Mr. Bynum. Plaintiff contends otherwise. The court need not and does not reach this issue.

[2] Because the viability of plaintiff's failure to train claim is dependent on plaintiff's ability to establish the underlying equal protection claim, the court's conclusion that the City is entitled to summary judgment as to the latter necessarily dooms the former.

6